PROB 12A
(Revised 05/2011)

# United States District Court
for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Neal Michael Crosley</u>     Case Number: <u>3:14-00017</u>

Name of Sentencing Judicial Officer: <u>Honorable Joe Heaton, U.S. District Judge WDOK</u>

Name of Current Judicial Officer: <u>Honorable William J. Haynes, Jr., Senior U.S. District Judge</u>

Date of Original Sentence: <u>December 20, 2013</u>

Original Offense(s): <u>18 U.S.C. § 1029(a)(2) & 2 Access Device Fraud, Aiding and Abetting</u>

Original Sentence: <u>Thirty-six (36) months' probation</u>

Type of Supervision: <u>Probation</u>     Date Supervision Commenced: <u>December 20, 2013</u>

Assistant U.S. Attorney: <u>Jimmie Lynn Ramsaur</u>     Defense Attorney: <u>To be determined</u>

---

The Court orders:

☒ No Action Necessary at this Time *as recommended* [initials]
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

Considered this _14th_ day of _May_, 2015,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Wendi Potter
U.S. Probation Officer

Place      Nashville

Date       May 13, 2015

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall pay restitution, joint and several with his co-defendant, in the amount of $12,834.88 at a rate of $100.00 per month or 10% of defendant's gross monthly income, which ever is greater.** |

According to the most recent report from the U.S. District Court Clerk's office, Mr. Crosley paid the $100 special assessment on January 24, 2014, and only $790.00 towards his restitution thereafter, leaving the remaining balance, for the co-defendant, at $11,944.88. If the offender was compliant with the payment schedule set by the Court, he should have paid $1500.00 to date. When Mr. Crosley works regularly, he has the financial ability to pay but willfully fails to do so.

| | |
|---|---|
| 2. | **The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.** |

All Star Personnel, the staffing agency that currently employs Mr. Crosley, reports employment since January 2015. Initially, the offender was assigned to Wilson Sporting Goods but was laid off due to him leaving his work station without authorization. In March, Mr. Crosley was assigned to Sims Recycling but laid off on May 8, 2015 due to lack of attendance. This time last year, the offender was a manager at Kroger, but reportedly resigned after allowing someone to take food without receiving payment. The offender has the opportunity to work regularly but due to his poor work performance or lack of attendance, willfully fails to do so.

| | |
|---|---|
| 3. | **The defendant shall notify the probation officer at least ten (10) days prior to any change in residence.** |

Since December 2013, when the Mr. Crosley transferred to the Middle District of Tennessee from Oklahoma, he has moved approximately 9 times; he has stayed no more than three months at each address. This time last year, he had a period of homelessness and is currently staying at the Rescue Mission. Because of his residential instability, Mr. Crosley never provides notification prior to any change of residence. Usually, Mr. Crosley notifies the probation office of his change of address after the fact.

**Compliance with Supervision Conditions and Prior Interventions:**
Neal Michael Crosley is currently employed part-time by Hampton Inn, but has had four other employers since May 2014 for which he no longer works. He began his term of supervised release on December 20, 2013, and he is due to terminate supervision on December 19, 2016.

While on supervision, Mr. Crosley has maintained sporadic employment and struggled with residential stability, which has adversely affected his willingness to pay restitution monthly despite the financially ability to do so. The U.S. Attorneys Office Financial Litigation Unit has been involved in his case; wage garnishment and tax refund acquisition have been initiated to accommodate future restitution payments. Mr. Crosley has expressed understanding that he needs to make restitution payments now and after his supervision has ended.

**U.S. Probation Officer Recommendation:**
The probation officer respectfully recommends that Mr. Crosley be continued on probation, maintains employment, and establishes a restitution payment schedule as ordered by the Court. The United States Attorneys Office has been notified of these violations and is in agreement with this recommendation.


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer